**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.1:26-cv-00215

CAROL HUGHETT

    Plaintiff

v.

AIMBRIDGE HOSPITALITY LLC and CHEYENNE RESORT ACQUISITION GROUP, LLC

    Defendants.

---

**DEFENDANTS AIMBRIDGE HOSPITALITY LLC AND CHEYENNE RESORT ACQUISITION GROUP, LLC'S NOTICE OF REMOVAL**

---

Defendants Aimbridge Hospitality LLC (AHL) and Cheyenne Resort Acquisition Group, LLC (CRAG, and collectively with AHL, Defendants), through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submit this Notice of the Removal of this action from the District Court, City and County of Denver, Colorado to the U.S. District Court for the District of Colorado. As grounds for this removal, Defendants states as follows:

**I.    Introduction**

1. This is a Colorado Premises Liability Act case stemming from a September 6, 2024 injury to plaintiff Carol Hughett's (Plaintiff) finger while at the Cheyenne Mountain Resort in Colorado Springs, Colorado.

2. On December 18, 2025, Plaintiff commenced an action against Defendants in the District Court for the City and County of Denver, Colorado styled <u>Carol Hughett v.</u>

<u>Aimbridge Hospitality LLC and Cheyenne Resort Acquisition Group, LLC</u>, Case No. 2025CV34564 (State Action).

    3.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon" Defendants are attached as exhibits to this notice:

    a. Complaint;

    b. Civil Cover Sheet;

    c. Summons to AHL;

    d. Summons to CRAG;

    e. Delay Reduction Order;

    f. Entry of Appearance;

    g. Acceptance of Complaint and Jury Demand et al;

    h. Defendant's Answer and Jury Demand;

    i. Notice to Set CMC and Trial; and

    j. Pretrial Order.

    4.    Pursuant to 28 U.S.C. § 1332(a) and (a)(1), the U.S. District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different states".

    5.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Pursuant to 28 U.S.C. § 1446(a), a removing defendant need only file a Notice of Removal that contains "a short and plain statement of the grounds for removal."

7. Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within 30 days from receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".

8. On December 22, 2025, counsel for Defendants waived service of the Complaint and accompanying documents. Ex. G.

9. This Notice is timely filed, as it has been less than thirty days since Defendants waived service of the Complaint.

## II.   Basis for Jurisdiction Under 28 U.S.C. §§ 1332 and 1441

10. The U.S. District Courts have jurisdiction over this action under 28 U.S.C. § 1332 because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Pursuant to 28 U.S.C. § 1441, the U.S. District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, City and County of Denver, Colorado, where the State Action is pending.

### a.   Diversity of Citizenship

12. Plaintiff is a natural person. A natural person is a citizen of the state in which they are domiciled. See, e.g., Walden v. Broce Constr. Co., 357 F.2d 242, 245 (10th Cir. 1966). Domicile is a "true, fixed, and permanent home…." See, e.g., Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002). According to the Complaint, Plaintiff has resided in Highlands Ranch, Colorado at all times relevant hereto, including at the time suit was filed. Ex. A at 1, ¶ 1 and at 7.

13. A corporation is a citizen of the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). The citizenship of a limited liability company is determined by reference to the citizenship of each of its members. Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1235-1236 (10th Cir. 2015).

14. AHL is a Delaware limited liability company with a sole member that is also a Delaware limited liability company. That limited liability company's sole member, in turn, is a corporation created under the laws of Delaware. Both AHL and the corporation have a principal place of business of 5301 Headquarters Drive, Plano, Texas 75024.

15. CRAG is a Delaware LLC that is a citizen of Florida because its sole member is a citizen of Florida, by virtue of its sole member being incorporated under the laws of Florida. Both CRAG and the corporation have a principal place of business of 5600 Mariner Street, Tampa, Florida 33609.

16. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants.

   b. **Amount in Controversy**

17. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

18.     Here, Plaintiff has alleged she suffered an amputation of her right index finger. Ex. A at 3, ¶ 22. Moreover, Plaintiff's counsel has certified in Plaintiff's District Court Civil Case Cover Sheet that the value of Plaintiff's claims is reasonably believed to exceed $100,000. Ex. B at 1, ¶ 2. The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. Paros Properties LLC v. Colorado Cas. Ins. Co., No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet.  And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).")

19.     Thus, 28 U.S.C. § 1332(a)'s amount in controversy requirement is satisfied.

### III.    Conclusion

20.     The State Action is properly removable pursuant to 28 U.S.C. § 1332 and § 1441(a) because there is complete diversity of citizenship, the amount in controversy exceeds the statutory requirement, and the U.S. District Court for the District of Colorado embraces the place (the City and County of Denver) where the State Action was brought.

21.     In addition, Defendants have attached a copy of the Notice of Filing of Removal that is being contemporaneously filed in the State Action.

22.     There are no pending hearings or motions in the State Action, nor has any trial been set.

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, City and County of Denver, Colorado and served upon Plaintiff's counsel.

Respectfully submitted on January 17, 2026.

                MURPHY & DECKER, P.C.
                */s/ Gordon A. Queenan*
                Michael J. Decker, #30242
                Gordon A. Queenan, #49700
                *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 17, 2026, a true and correct copy of the foregoing was electronically filed via ECF. Moreover, Defendants' counsel shall serve a copy of this notice on all counsel of record in the State Action via CCEF today. In addition, Defendants' counsel shall e-mail a copy of this filing and accompanying exhibits today to Plaintiff's counsel in the State Action via e-mail at glenn@fair2law.com (Glenn B. Fair) and emily@fair2law.com (Emily R. Jamieson).

                                                                 */s/ Gordon A. Queenan*
                                                                 Gordon A. Queenan