| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO** | |
| Court Address: 1437 Bannock St, Denver, CO 80202 | DATE FILED<br>December 18, 2025 4:52 PM<br>FILING ID: 8F6D50C1CF6BB<br>CASE NUMBER: 2025CV34564 |
| Plaintiff:   Carol Hughett<br><br>v.<br><br>Defendant(s):  Aimbridge Hospitality, LLC, *et. al*. | |
| Mr. Glenn B. Fair<br>Ms. Emily R. Jamieson<br>Fair Squared Injury Law<br>56 Inverness Drive East, Suite 235, Englewood, CO 80112<br>Phone Number:    (720) 645-1123<br>Email Address:    glenn@fair2law.com, emily@fair2law.com<br>Atty. Reg. No.     51149 (Glenn B. Fair)<br>                              58105 (Emily R. Jamieson) | Case No.<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff Carol Hughett, by and through counsel, Fair Squared Injury Law, and for her *Complaint and Jury Demand* against the Defendants, states and alleges as follows:

## I.   PARTIES AND JURISDICTION

1. Plaintiff Carol Hughett (hereinafter "Plaintiff"), at all times relevant hereto, is a resident of the State of Colorado, residing at 9663 Chesapeake Street, Highlands Ranch, Colorado 80126.

2. Upon information and belief, at all times relevant hereto, Defendant Aimbridge Hospitality, LLC (hereinafter Defendant Aimbridge) is a Delaware corporation whose principal place of business is 5301 Headquarters Drive, Plano, Texas 75024 and can be served through their registered agent C T Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80012.

3. Upon information and belief, at all times relevant hereto, Defendant Cheyenne Resort Acquisition Group, LLC, d/b/a Cheyenne Mountain Resort, A Dolce Resort (hereinafter Defendant Cheyenne) is a Delaware corporation whose principal place of business is 5600 Mariner Street, Tampa, Florida 33609 and can be served through their registered agent Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, Colorado 80129.

4. Defendant Aimbridge and Defendant Cheyenne may be collectively referred to as "Defendants".

5. The partial right index finger amputation that is the subject of Plaintiff's *Complaint and Jury Demand* occurred on September 6, 2024, at Defendant Cheyenne's Elevations Bar which is located at or near 3200 Broadmoor Valley Road, Colorado Springs, Colorado 80906. (hereinafter "Incident").

6. Venue and jurisdiction are proper in this Court pursuant to C.R.C.P. 98(c) as Defendants are non-residents of the State of Colorado and Defendant Aimbridge can be found in Denver, Colorado.

## II. GENERAL ALLEGATIONS

7. Plaintiff is the proper party to bring this claim.

8. Plaintiff was an invitee of Defendants at all times relevant hereto.

9. At the time of the Incident, Plaintiff was sitting on a barstool at the Defendants' bar named, "Elevations".

10. Defendants' bar, "Elevations" was open to the public at the time of the Incident.

11. Plaintiff and her husband entered "Elevations" bar to purchase drinks and appetizers.

12. Plaintiff and her husband took open seats at "Elevations" bar to place their order.

13. Plaintiff attempted to move her barstool closer to the bar by putting both of her hands on each side of the barstool seat.

14. Plaintiff grabbed the seat of the barstool and moved it forward towards the bar.

15. The base of the barstool where it meets the seat is metal.

16. The base of the barstool metal was sharp.

17. Unbeknownst to Plaintiff, the seat of the barstool was not properly secured to the metal base of the barstool.

18. Improper securing of the barstool's seat to the metal frame allowed the seat to shift slightly on its' metal frame when moved.

19. Unbeknownst to Plaintiff her right index finger had gone between the seat of the barstool and the sharp metal base as she was moving the barstool.

20. Plaintiff put her weight on the seat of the barstool once it was positioned at the bar.

21. Plaintiff felt a sharp pain in her right index finger.

22. Plaintiff's right index finger was amputated by the metal frame of the barstool.

23. The amputation of Plaintiff's right index finger was about the first one-half inch.

24. The amputation of Plaintiff's right index finger included amputation of her fingernail and the nailbed.

25. The amputation of Plaintiff's right index finger included amputation of the bone.

26. Neither Plaintiff nor Defendants were able to locate the severed fingertip, nail, or bone prior to Plaintiff being taken to the emergency room.

27. Plaintiff was taken to the hospital for emergency medical care.

28. Plaintiff was stabilized and discharged from the emergency room.

29. Plaintiff followed up with a surgeon close to her home within a couple of days.

30. Plaintiff had surgery to close her skin at the amputation site.

31. Plaintiff's severed fingertip, fingernail, and bone was not able to be re-attached by doctors.

32. Plaintiff's severed fingertip is permanent.

33. Plaintiff acted reasonably.

34. Plaintiff was not comparatively at fault.

35. Plaintiff mitigated her damages.

36. Plaintiff has incurred economic damages including past medical expenses and therapeutic needs to treat the injuries sustained, lost past and future income, costs of transportation to and from medical providers, and other economic damages in an amount to be proven at trial.

37. Plaintiff suffered physical and mental pain and suffering, inconvenience, emotional stress, and other non-economic damages in an amount to be determined at trial.

38. As a direct, proximate, and foreseeable result of the negligence, acts, or omissions of the Defendants, Plaintiff suffered both past and future: physical injuries, physical impairment, disfigurement, physical and emotional pain and suffering, inconvenience, emotional stress, loss of motion, inability to assist family, hobby loss, medical and doctor bills, and loss of earnings.

### III. FIRST CLAIM FOR RELIEF UNDER C.R.S. §13-21-115
### COLORADO PREMISES LIABILITY ACT (PLA)
### (Against All Defendants)

39. Plaintiff incorporates by reference all paragraphs in her *Complaint and Jury Demand*.

40. The Colorado Premises Liability Act (hereinafter "PLA") is the exclusive remedy against a landowner for persons injured on the property of another because of a condition of the property, or for activities conducted or circumstances existing on such property.[1]

41. A landowner, applied in the disjunctive, is an authorized agent, person, or business in possession of real property, as well as an agent, person, or business legally responsible for the condition of real property or the activities conducted or circumstances existing on real property.

42. Defendant Aimbridge qualifies as a landowner because they were in possession of the premises as the hotel management company and thus were responsible for the activities and condition of the premises on the premises.

43. Defendant Cheyenne qualifies as a landowner because they are the legal owners who are in possession of the premises and were responsible for the activities and condition of the premises.

44. Defendants qualify as landowners because they were legally responsible for the condition of the premises.

45. Defendants qualify as landowners because they were legally responsible for the activities conducted on the premises.

46. Defendants qualify as landowners because they were legally responsible for the circumstances existing on the premises.

47. Upon information and belief, Defendants have not relinquished possession of the property.

48. An invitee is one who enters or remains on another's land to transact business in which the parties are mutually interested or in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

49. Plaintiff was on the property because of Defendants' express or implied representation that the public was requested, expected, or intended to enter or remain because it is a hotel and resort open to the general public and thus advertises to the public that they are requested, expected, or intended to enter or remain.

50. Plaintiff was an invitee at all times while on the premises.

51. Plaintiff's status as an invitee did not change to that of a licensee or trespasser at any time while on the premises.

---

[1] Colorado Revised Statute §13-21-115 (Lexis 2022).

52. A landowner owes a duty to invitees to exercise reasonable care to protect against dangers which it actually knew of, or should have known about, through the exercise of reasonable care.

53. Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

54. Defendants did not exercise reasonable care to protect against dangers of which it actually knew or should have known through the exercise of reasonable care.

55. Risk is defined as the existence and extent of the possibility of harm or chance of injury, damage, or loss.

56. The loose and/or unsecured seat on the metal framed barstool was an unreasonably dangerous condition.

57. Defendants owed a duty to not needlessly endanger the health and safety of the public.

58. Defendants owed a duty to warn the public of dangerous conditions.

59. Defendants owed a duty to guard the dangerous condition from the public.

60. Defendants owed a duty to keep their property, including but not limited to "Elevations" bar free from dangerous conditions, including loose and/or unsecured seat on the metal framed barstool.

61. Defendants owed a duty to monitor for hazards.

62. Defendants owed a duty to inspect their premises for hazards.

63. Defendants, through reasonable inspection and monitoring, knew or should have known that a loose and/or unsecured seat on the metal framed barstool was a dangerous condition.

64. Defendants negligently and without due regard for the safety of others, allowed a known unnatural and dangerous condition to exist and created a hazard to Plaintiff and others.

65. Defendants failed to place adequate warning or caution signs in the area to protect their customers and general public from the loose and/or unsecured seat on the metal framed barstool.

66. As a direct, proximate, and foreseeable result of the acts or omissions of the Defendant, Plaintiff suffered physical injuries; past and future physical impairment; past and future disfigurement, past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6.

## IV. SECOND CLAIM FOR RELIEF - NEGLIGENCE
### (Against All Defendants)

67. Plaintiff incorporates by reference all paragraphs in her *Complaint and Jury Demand*.

68. Defendants owed duties to Plaintiff and did breach those duties by failing to ensure the barstool seating inside "Elevations" bar were in a safe and serviceable condition including seats being properly secured to barstool frames to protect the public from injury and harm.

69. Defendants' breach of duty to properly monitor, inspect, or warn the general public about loose barstool seats which rest on metal barstool frames constitutes negligence.

70. Defendants' negligence was a cause of Plaintiff's injuries, damages, and losses.

71. As a direct, proximate, and foreseeable result of the acts or omissions of the Defendant, Plaintiff suffered physical injuries; past and future physical impairment; past and future disfigurement; past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6.

## V. DAMAGES

72. Plaintiff has or will likely incur both past and future economic damages including medical expenses and therapeutic needs to treat the injuries sustained, costs of transportation to and from medical providers, and other past and future economic damages in an amount to be proven at trial.

73. Plaintiff has or will likely suffer both past and future physical and mental pain and suffering, inconvenience, emotional stress, and other past and future non-economic damages in an amount to be determined at trial.

74. As a direct, proximate, and foreseeable result of the acts or omissions of the Defendant, Plaintiff suffered physical injuries; past and future physical impairment; past and future disfigurement; past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendants and in favor of Plaintiff, for damages in an amount to be determined at the time of trial, for costs of brining suit and trial, for expert witness fees and costs, for attorney fees where permitted by statute, for pre- and post-judgment interest, and:
   a. For compensatory economic and non-economic damages in amounts to be proven at trial;
   b. For physical impairment and disfigurement damages in an amount to be proven at trial;
   c. For all interest, statutory or moratory[2], allowed by law;
   d. For such other and further relief as this Court deems just and proper.

---

[2] Moratory interest is a type of interest that is charged on a debt or obligation that is not paid on time. It is also known as prejudgment interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**DATED** this December 18, 2025.

                                               **FAIR SQUARED INJURY LAW**

                                               /s/ *Glenn B. Fair*
                                               Glenn B. Fair
                                               Attorney for Plaintiff

PLAINTIFF ADDRESS:

Carol Hughett
9663 Chesapeake Street
Highlands Ranch, Colorado 80126